**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO ALEJANDRO GAMEZ,

Plaintiff - Appellant,

v.

F. GONZALES; et al.,

Defendants - Appellees.

No. 11-17215

D.C. No. 1:08-cv-01113-MJL-PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
M. James Lorenz, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Sergio Alejandro Gamez, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his validation as an associate of a prison gang and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

confinement in the security housing unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (summary judgment); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Gamez's equal protection "class of one" claims were properly dismissed because prison administrators have a rational basis for segregating validated gang associates from the general prison population, and Gamez's assertion that he was the only prisoner required to debrief in order to be released from the SHU is facially implausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (claim must be "plausible on its face"); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (recognizing "class of one" equal protection claim where ordinance targeted a single individual on basis that state action was irrational and arbitrary); *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and maintain institutional security" (internal quotation marks and citation omitted)).

The district court properly granted summary judgment to defendants on Gamez's contentions that his due process rights were violated by the failure to review his gang status prior to 2009 because he failed to raise a triable dispute that he was entitled to an earlier review. *See Bruce*, 351 F.3d at 1287 (summary judgment is "appropriate if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact").

However, there is a genuine dispute of material fact as to whether the evidence used by defendants in support of Gamez's 2010 re-validation as a gang associate, a report of an interview with a confidential informant, had "sufficient indicia of reliability," through corroboration or other means to meet the "some evidence" standard as required to satisfy due process. *See Bruce*, 351 F.3d at 1288 (explaining that due process gang validation claims are subject to the "some evidence" standard, and concluding that "any of [] three pieces of evidence would have sufficed to support the validation because each has sufficient indicia of reliability"); *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990) (discussing indicia of reliability); *see also Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987) (per curiam) (discussing the "some evidence" requirement in the context of prison disciplinary segregation, and setting forth criteria to guide review of the determination of reliability of "an unidentified inmate informant").

Accordingly, we vacate the court's summary judgment for defendants on Gamez's due process claims relating to his re-validation as a prison gang associate in 2010 and remand for further proceedings. We also vacate the dismissal of Gamez's retaliation claim associated with the 2010 re-validation and remand for the district court to consider the claim in the first instance.

Issues that are not specifically and distinctly raised and argued in the opening brief, including those relating to the district court's determination that review of Gamez's 2003 gang validation was barred by the statute of limitations, are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Gamez's remaining contentions, including those challenging discovery and evidentiary issues, are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**